UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES JOSEPH JULUKE, JR.,<br>an individual,<br><br>    Plaintiff,<br>v.<br><br>RETAIL SWC MALL LLC,<br>a Texas Limited Liability Company,<br><br>    Defendant. | Case No.: 3:14-cv-03271-M |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff, JAMES JOSEPH JULUKE, JR., through his undersigned counsel, moves this Court to enter a Default against Defendant RETAIL SWC MALL LLC, in accordance with the provisions of Rule 55(b) of the Federal Rules of Civil Procedure, and in support thereof states the following:

*Motion and Incorporated Memorandum of Law*

This is an action for injunctive relief and attorney's fees and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., ("Americans with Disabilities Act" or "ADA") and statutory damages pursuant to Chapter 121.004(b) of the Texas Human Rights Code.  Plaintiff JAMES JOSEPH JULUKE, JR., (hereinafter "Plaintiff") filed his Complaint on September 10, 2014.  Defendant RETAIL SWC MALL LLC, (hereinafter "Defendant") was properly served on September 17, 2014.  See attached Affidavit of Service filed with the Court on September 30, 2014, Dkt. No. 5.  However, as of this date, Defendant has failed to file a responsive pleading to Plaintiff's Complaint.

1

Pursuant to the provisions of Rule 55(b) of the Federal Rules of Civil Procedure, when a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the Rules of Civil Procedure, such as the Defendant in this action, the Clerk shall enter a default against that party.

This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181 based on allegations of Defendant's violations of Title III of the Americans with Disabilities Act and supplemental jurisdiction over Plaintiff's Texas State law claims pursuant to 28 U.S.C. § 1367(a).

On July 26, 1990, Congress enacted the Americans with Disabilities Act, and established January 26, 1992, as the date when all public accommodations had to comply therewith. See 42 U.S.C. § 12181 (or January 26, 1993, if defendant has 10 or fewer employees and gross receipts of $500,000 or less); see also 42 U.S.C. § 12134.  Under either scenario, the Defendant's deadline for compliance has long since passed.

Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. See 28 C.F.R. Part 36. Defendant is in violation of 42 U.S.C. § 12181 et seq., and 28 CFR 36.302 et seq., and is discriminating against Plaintiff.  The discrimination is based on Defendant denying Plaintiff full and equal enjoyment of the goods, services, facilities, privileges, advantages, programs and accommodations as prohibited by 42 U.S.C. § 12181 and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv), where such removal is readily achievable.  Specifically, Plaintiff claims that the Property is deficient and discriminates against Plaintiff who is disabled and uses a wheelchair

due to its inaccessible parking spaces, routes and curb ramps.  See Affidavit of James Joseph Juluke, Jr. at ¶¶ 2-5.

The Property is a shopping mall which is open to the public and includes stores that are open to the public.  The Property is owned by Defendant and must be accessible to individuals with disabilities under the requirements of the ADA.  Pursuant to 42 U.S.C. § 12181 and 28 CFR § 36.104, the land, buildings and facilities which are the subject of this action, i.e., a shopping plaza, constitutes a public accommodation covered by the ADA and which must be in compliance therewith.  Despite the architectural barriers discussed above and as detailed in the Affidavit of Mr. Juluke, he intends to return to the Defendant's Property as a patron and also to determine whether the barriers to access have been remediated.  See Affidavit of James Joseph Juluke, Jr. at ¶ 6.

Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and is entitled to recover the reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205. See Affidavit of James Joseph Juluke, Jr. at ¶ 1.   To date, Plaintiff's counsel has expended $  6,840.00 in total fees, costs and litigation expenses in the prosecution of this action.  See Affidavit of Louis I. Mussman at ¶ 10.

Pursuant to 42 U.S.C.§ 12188(a)(2), this Court is provided authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.  Specifically, Plaintiff demands the following architectural barriers by remediated at the Property:

a. **Defect:** Inaccessible parking designated as accessible near Burlington Coat Factory, Macy's and Sears due to excessive slopes making it difficult to transfer between his wheelchair and a vehicle safely.

   **Proposed Correction:** Repave and/or regrade the existing disabled use parking spaces throughout the mall to provide slopes not to exceed 1:48 as required under ADAAG 502.4 or relocate the disabled use parking spaces to the areas of the parking lot where the slopes do not exceed 1:48.

b. **Defect:** Inaccessible disabled use parking due to low signage (to mark the space exclusively for disabled use) throughout the Property. Additionally, inaccessible disabled use parking due to parking spaces with narrow access aisles throughout the Property.

   **Proposed Correction:** Raise vehicular identification signs at all disabled use parking spaces to at least 60 inches above the ground measured to the bottom edge of the signs pursuant to ADAAG 502.6; and ensure that all disabled use parking spaces have adjacent access aisles that are a minimum of 60 inches wide and extend the full length of the parking spaces they serve pursuant to ADAAG 502.3.

c. **Defect:** Inaccessible curb ramps due to excessive slopes with steep side flares throughout the Property making it difficult to traverse the curb ramps safely.

   **Proposed Correction:** Remodel the existing curb ramps to provide running slopes not to exceed 1:12 and side flare slopes not to exceed 1:10 pursuant to ADAAG 406.1, 405.2, and 406.3.

d. **Defect:** Inaccessible sidewalk routes throughout the Property with excessive slopes making it difficult to maneuver around the Property safely.

**Proposed Correction:** Replace all sections of the Property sidewalk where cross slopes exceed 1:48 as per ADAAG 403.3.

See Affidavit of James Joseph Juluke, Jr. at ¶ 5.

Additionally, by maintaining and/or failing to remove the four above referenced barriers to access, Defendant is liable for statutory damages under Chapter 121.004(b) of the Texas Human Rights Code in the amount of $300.00 for each of the violations discussed above for a total statutory damage amount of $1,200.00 [$300.00 X 4 distinct barriers as listed above].

WHEREFORE, Plaintiff respectfully moves this court to enter a Default against the Defendant RETAIL SWC MALL LLC, grant the injunctive relief as noted herein and enter final judgment against Defendant in the amount of $1,200.00 for statutory damages, and $6,840.00 in reimbursement of Plaintiff's attorney's fees, costs and litigation expenses as the prevailing party.

Respectfully Submitted,

KU & MUSSMAN, P.A.

By: /s/ Louis Mussman .
    Louis I. Mussman
    N.D. Texas Bar No. 597155FL
    Ku & Mussman, P.A.
    12550 Biscayne Blvd., Suite 406
    Miami, FL 33181
    Tel: (305) 891-1322
    Fax: (305) 891-4512
    Louis@KuMussman.com

and

Seth P. Crosland
Local Counsel
Texas Bar No. 24069551
12225 Greenville Avenue

>Suite 700
>Dallas, Texas 75243
>Tel: (214) 810-5401
>Fax: (214) 988-5794
>seth@wellscrosland.com
>*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of February, 2015, a true and correct copy of the foregoing has been furnished by U.S. Mail to: Retail SWC Mall LLC, c/o: registered agent, James Khezrie, 3662 W. Camp Wisdom Road, Suite 1084, Dallas, Texas 75237.

>By: /s/ Louis I. Mussman
>Louis I. Mussman