IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES JOSEPH JULUKE, JR.<br>an individual, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:14-cv-03271-M |
| RETAIL SWC MALL LLC,<br>a Texas Limited Liability Company, | § § § | |
| Defendant. | § § | |

**DEFENDANT RETAIL SWC MALL LLC'S
ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Retail SWC Mall LLC ("Defendant") answers and asserts the following defenses to Plaintiff's Complaint and would show the Court as follows:

**JURISDICTION AND PARTIES**

1.      Defendant admits this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1367(a), Tex. Hum. Res. Code Ann. § 121.001, *et seq.* and 42 U.S.C. § 12181 *et. seq.* and that these statutes speak for themselves.  Otherwise, Defendant denies the remaining allegations contained in paragraph 1.

2.      Defendant admits that venue is proper in this Court and that 28 U.S.C. § 1391(b) speaks for itself.  Otherwise, Defendant denies the remaining allegations in paragraph 2.

3.      Defendant is without knowledge as to the allegations contained in paragraph 3.

4.      Defendant is without knowledge as to the allegations contained in paragraph 4.

5.      Defendant is without knowledge as to the allegations contained in paragraph 5.

6.      Defendant admits that it is a Texas limited liability company and that it owns some of the property at issue.  Otherwise, Defendant denies the remaining allegations contained in paragraph 6.

7.      Defendant is without knowledge as to the allegations contained in paragraph 7.

## COUNT 1
## (VIOLATION OF TITLE III OF THE ADA)

8.      Defendant admits and denies the allegations contained in paragraph 8 in the same respects as to paragraphs 1 through 7, above.

9.      Defendant admits the allegations contained in paragraph 9.

10.     Defendant is without knowledge as to the allegations contained in paragraph 10.

11.     Defendant denies the allegations contained in paragraph 11.

12.     Defendant is without knowledge as to the allegations contained in paragraph 12.

13.     Defendant denies the allegations contained in paragraph 13, including all subparts.

14.     Defendant is without knowledge as to the allegations contained in paragraph 14.

15.     Defendant is without knowledge as to the allegations contained in paragraph 15.

16.     Defendant is without knowledge as to the allegations contained in paragraph 16.

17.     Defendant is without knowledge as to the allegations contained in paragraph 17.

18.     Defendant is without knowledge as to the allegations contained in paragraph 18.

19.     Defendant is without knowledge as to the allegations contained in paragraph 19.

## COUNT II
## (VIOLATION OF CHAPTER 121 OF THE TEXAS HUMAN RIGHTS CODE)

20.     Defendant admits and denies the allegations contained in paragraph 20 in the same respects as to paragraphs 1 through 19, above.

21.      (omitted)

22.      Defendant admits that the Tex. Hum. Res. Code Ann. § 121.001, *et* seq., speaks for itself.  Otherwise, Defendant denies the remaining allegations contained in paragraph 22.

23.      Defendant admits that the Chapter 121.003(d)(l) speaks for itself.   Otherwise, Defendant denies the remaining allegations contained in paragraph 23.

24.      Defendant admits that the Chapter 121.004(b) speaks for itself.   Otherwise, Defendant denies the remaining allegations contained in paragraph 24.

25.      Defendant denies the allegations contained in paragraph 25.

## GENERAL DENIAL

26.      Defendant denies each and every allegation and prayer of Plaintiff's Complaint not specifically admitted above.

## ATTORNEYS' FEES

27.      Defendant has retained the law firm of Conley Rosenberg Mendez & Brenneise LLP and has agreed to pay it a reasonable fee for its services.  Pursuant to 28 U.S.C. § 1927, 42 U.S.C. § 12205, and Texas Human Rights Code, Defendant is entitled to recover its attorney's fees and costs.

## FIRST DEFENSE

28.      Plaintiff does not have standing to bring this action, and therefore the Complaint should be dismissed.

## SECOND DEFENSE

29.      Each of Plaintiff's causes of action, claims, or items of damage did not accrue within the time prescribed by law for them before this action was brought.

## THIRD DEFENSE

30.      The Complaint fails to state a cause of action upon which relief may be granted.

## FOURTH DEFENSE

31.     An indispensable party defendant has not been joined in this action because the allegations of the Complaint may show that the purported violations include facilities or spaces that are the responsibility of another, and it has not been joined in this action.

## FIFTH DEFENSE

32.     Plaintiff has demanded modifications to the Property that are structurally impracticable, technically infeasible, or are not required.

## SIXTH DEFENSE

33.     Plaintiff has demanded modifications to the Property that would threaten the health and safety of Plaintiff or others.

## SEVENTH DEFENSE

34.     Plaintiff has demanded modifications that would require Defendant to fundamentally alter the way it provides its goods and services.

## EIGHTH DEFENSE

35.     To the extent any architectural barriers exist, they are merely technical violations within conventional industry tolerances and the Property, when taken as a whole, is compliant with the ADA and its implementing regulations.

## NINTH DEFENSE

36.     To the extent some or all of the claims or issues relate to property that is owned, operated or leased by another party, Defendant is not liable for compliance on property which it does not own, operate or lease.

DATED:  March 20, 2015.

Respectfully submitted,

By:      /s/ Phillip J. Conley
         Phillip J. Conley
         State Bar No. 04666200
         pjc@crb-law.com
         Jay M. Rosenberg
         State Bar No. 17269450
         jmr@crb-law.com
         Kelly E. Kleist
         State Bar No. 24046229
         kek@crb-law.com

CONLEY ROSENBERG
MENDEZ & BRENNEISE LLP

5080 Spectrum Drive
Suite 850 E
Addison, Texas 75001
(972) 364-9700
(972) 713-6480 (facsimile)

ATTORNEYS FOR DEFENDANT
RETAIL SWC MALL, LLC

## CERTIFICATE OF SERVICE

On this 20th day of March, 2015, I electronically submitted the foregoing document with the Clerk of the Court, using the electronic case filing system of the court.  I hereby certify that I have served all counsel for parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Phillip J. Conley
Phillip J. Conley